**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4015

DWIGHT DEVANE BYRD,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CR-95-151)

Submitted: December 30, 1996

Decided: January 29, 1997

Before WIDENER and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Timika Shafeek, Assistant United States Attorney, Greens-
boro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Dwight Devane Byrd appeals his conviction of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) (1994). On appeal, Byrd concedes that he possessed the cocaine, but contends that there was insufficient evidence to support a finding that he intended to distribute it. We affirm.

Greensboro police sergeant Dwight Rooker received an anonymous tip that Byrd had in his possession a large amount of cocaine. Rooker set up surveillance outside Byrd's home. He saw Byrd and a female companion drive to the house, go inside briefly, and emerge. Byrd placed a duffle bag in the trunk. He and his companion drove off.

Rooker stopped Byrd, who had driven the wrong way down a one-way street and was driving with a suspended license. Byrd consented to a search of the car. When officers began to search the trunk, Byrd fled but was apprehended. He had on his person $1300 in cash and a beeper. Officers discovered inside the duffle bag 511.9 grams of cocaine with a street value of $51,000, several plastic sandwich bags, a dust mask, and plastic gloves. A detective testified that the worst cocaine addict he had ever seen spent only $1000 per day to support his habit.

Viewing this evidence in the light most favorable to the prosecution, see United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982), we find that the evidence is sufficient to support Byrd's conviction. He clearly possessed the cocaine. "Intent to distribute may be inferred from possession of drug-packaging paraphernalia or a quantity of drugs larger than needed for personal use." United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990), cert. denied, 500 U.S. 919 (1991). Byrd had in his possession far more cocaine than even the most hardened addict would be expected to possess if the drugs were

2

for personal use. Additionally, sandwich bags are commonly used to package cocaine for sale. Gloves and a mask protect one who is repackaging cocaine from inhaling the drug or absorbing it through the skin. Further, Byrd, typical of many drug dealers, had on his person a pager and a large amount of cash. Under these circumstances, a rational trier of fact could have found him guilty beyond a reasonable doubt.

We accordingly affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3